**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

JASON AUSTIN                                                        CIVIL ACTION

versus                                                                   NO. 12-2992

N. BURL CAIN                                                        SECTION: "C" (3)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Jason Austin, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On January 28, 1998, he was convicted of second degree murder

under Louisiana law.[1]  On February 4, 1998, he was sentenced to a term of life imprisonment without benefit of probation, parole, or suspension of sentence.[2]  On September 29, 1999, the Louisiana Fourth Circuit Court of Appeal affirmed that conviction and sentence.[3]

After several unsuccessful attempts to gain post-conviction relief from the state courts, petitioner filed the instant federal *habeas corpus* application on or about December 17, 2012.[4]  In his federal application, petitioner contends that the manner in which the state courts handled his post-conviction proceedings violated his rights.  Specifically, he alleges that, at a hearing held on September 3, 2009, the state district court scheduled an evidentiary hearing with respect to one of his post-conviction applications.  However, before that hearing was held, the Louisiana Fourth Circuit Court of Appeal reviewed the post-conviction claims and denied them as time-barred pursuant to La. Code Crim. P. art. 930.8.[5]  The Court of Appeal further reiterated that ruling in a subsequent decision.[6]  Although petitioner then challenged the propriety of the Court of Appeal's judgments on the basis that the court exceeded its jurisdiction by ruling on claims that had never been decided by the trial court, the Louisiana Supreme Court rejected that challenge, likewise

---

[1] State Rec., Vol. I of III, minute entry dated January 28, 1998; State Rec., Vol. I of III, jury verdict form.

[2] State Rec., Vol. II of IV, transcript of February 4, 1998; State Rec., Vol. I of III, minute entry dated February 4, 1998.

[3] State v. Austin, No. 98-KA-1214 (La. App. 4th Cir. Sept. 29, 1999); State Rec., Vol. I of III.

[4] Rec. Doc. 3.

[5] State v. Austin, No. 2009-K-0809 (La. App. 4th Cir. June 26, 2009); State Rec., Vol. I of III.

[6] State v. Austin, No. 2012-K-0857 (La. App. 4th Cir. June 19, 2012); State Rec., Vol. III of III.

ruling that petitioner's post-conviction application was barred by article 930.8.[7]  In this federal application, petitioner reasserts his claim that the Court of Appeal exceeded its jurisdiction in denying his post-conviction claims as time-barred.  He further argues that the Court of Appeal's decision to proceed in that manner violated his right to equal protection.

In its response, the state pretermits a discussion of whether the instant application is timely and whether petitioner exhausted his claims in the state courts, noting instead that relief is not warranted for a far simpler reason: petitioner's claims, which challenge the manner in which the state courts handled his post-conviction application, simply are not cognizable in federal *habeas corpus* proceedings.  The state is correct.

Even if the state courts erred, federal *habeas corpus* relief cannot be granted to remedy errors which occurred in state *post-conviction* proceedings.  As the United States Fifth Circuit Court of Appeals has explained:

> [O]ur circuit precedent makes abundantly clear that errors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief.  See, e.g., Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997) ("[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court."); Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotations omitted).  Rather, we must find constitutional error at the trial or direct review level in order to issue the writ.

_____

[7] State *ex rel.* Austin v. State, 102 So.3d 32 (La. 2012) (No. 2012-KH-1626); State Rec., Vol. III of III.

Morris v. Cain, 186 F.3d 581, 585 n.6 (5th Cir. 1999); see also Duff-Smith v. Collins, 973 F.2d

1175, 1182 (5th Cir. 1992); Anthony v. Cain, Civ. Action No. 07-3223, 2009 WL 3564827, at *23

(E.D. La. Oct. 29, 2009); Baham v. Allen Correctional Center, Civ. Action No. 07-4075, 2009 WL

3148757, at *3 (E.D. La. Sept. 30, 2009); Davis v. Cain, Civ. Action No. 07-6389, 2008 WL

5191912, at *6 (E.D. La. Dec. 11, 2008).  Although application of this rule often proves harsh, the

Fifth Circuit has emphatically held that it must nevertheless be followed, stating:

> We, as a federal appeals court entertaining a *federal* habeas corpus
> application, are without jurisdiction to review the constitutionality of
> [the petitioner's] state postconviction proceedings. Indeed, we are
> barred from doing so by our "no state habeas infirmities" rule. ...
> [O]ur hands are tied by the AEDPA, preventing our review of [the
> petitioner's] attack on his Louisiana postconviction proceedings, so
> we dutifully dismiss his claim.

Kinsel v. Cain, 647 F.3d 265, 273-74 (5th Cir.) (footnote omitted), cert. denied, 132 S.Ct. 854

(2011).  This Court's hands are likewise tied with respect to petitioner's claims, and therefore relief

must be denied.[8]

---

[8] Out of an abundance of caution, the Court notes that petitioner's claims also fail for additional reasons.  This is hardly the first occasion on which a prisoner has challenged the propriety of the Louisiana Fourth Circuit Court of Appeal's routine practice of ruling on post-conviction claims before they have been decided by the Orleans Parish Criminal District Court in the first instance. In a Report and Recommendation issued by Chief Magistrate Judge Alma Chasez and adopted Chief Judge Sarah Vance, it was observed that, in addition to post-conviction errors not being cognizable on *habeas* review, other obstacles exist with respect to such claims:

> First, this Court notes that it is not uncommon for the
> Louisiana Fourth Circuit Court of Appeal, in the interest of judicial
> economy, simply to consider the underlying merits of post-conviction
> claims in instances where the Orleans Parish Criminal District Court
> failed to issue a ruling.  See, e.g., Smith v. Cain, Civil Action No.
> 07-1504, 2007 WL 2461663, at *1 (E.D. La. Aug. 23, 2007).
> Petitioner has presented nothing in support of his contention that the

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition of **Jason Austin** for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

Court of Appeal is without authority to take such an action.

Second, whether the Louisiana Fourth Circuit Court of Appeal erred in simply addressing the merits of the underlying claims presents an issue of *state* law.  In this case, the Louisiana Supreme Court rejected petitioner's writ applications challenging the Court of Appeal's actions.  State *ex rel*. Baham v. State, 904 So.2d 741 (La. 2005); State *ex rel*. Baham v. State, 957 So.2d 169 (La. 2007).  It is not appropriate for this Court to secondguess those rulings on state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991) ("We will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. We do not sit as a 'super' state supreme court in such a proceeding to review errors under state law.") (internal citation and quotation marks omitted).  Further, even if the state courts in fact misapplied state law, it would be of no moment in this proceeding.  Federal habeas corpus relief may be granted only to remedy violations of the Constitution and laws of the United States; mere violations of *state* law will not suffice. 28 U.S.C. § 2254; Engle v. Isaac, 456 U.S. 107, 119 (1983).

Baham v. Allen Correctional Center, Civ. Action No. 07-4075, 2009 WL 3148757, at *3 (E.D. La. Sept. 30, 2009).  Those same obstacles likewise have not been overcome in the instant case.

a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[9]

New Orleans, Louisiana, this third day of July, 2013.


**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.